**H. L. MOORE DRUG EXCHANGE, division of/and Levitt Industries, Inc., Plaintiff,**

v.

**ELI LILLY AND COMPANY, Defendant.**

**No. 76 Civ. 2817.**

United States District Court, S. D. New York.

July 17, 1978.

Bass, Ullman & Lustigman, New York City, for plaintiff; Sheldon S. Lustigman, I. Scott Bass, New York City, of counsel.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendant; Edward N. Sherry, Jack Kaufmann, John F. Collins, New York City, of counsel.

1. This action was transferred to Hon. Robert W. Sweet on May 19, 1978 for all purposes, including trial.

2. Judge Gagliardi's May 31 order also dismissed Count IV of Moore's amended com-

## OPINION

SWEET, District Judge.

Plaintiff H. L. Moore Drug Exchange ("Moore") has moved this court for an order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure certifying as a final judgment that portion of an order dated May 31, 1978 entered by the court (Gagliardi, J.)[1] dismissing Counts II and III of Moore's amended complaint in this action.[2] Defendant Eli Lilly and Company ("Lilly") has separately moved for reargument of the court's May 31 order which denied Lilly's motion to vacate a preliminary injunction on the grounds of changed circumstances previously entered into by consent between Moore and Lilly. For the reasons stated below, both motions are denied.

### I. Moore's motion for certification.

This action is based upon an amended complaint filed by Moore alleging violations of the federal antitrust laws and a Connecticut statute by Lilly who, as a major manufacturer of pharmaceuticals, allegedly threatened to terminate its wholesale distribution agreement with Moore, a wholesale pharmaceutical distributor. Counts II and III of Moore's amended complaint alleged violations of Section 2 of the Sherman Act by Lilly in that Lilly allegedly monopolized interstate trade in patented Lilly products and in the full line of Lilly pharmaceuticals, respectively. Because Judge Gagliardi found that both claims failed to allege a legally relevant market in which the Section 2 monopolization took place, both claims were dismissed. Untouched by Judge Gagliardi's ruling was Count I of the amended complaint, which alleges that Lilly engaged in a contract, combination or conspiracy in restraint of trade by refusing to deal with any distributor affiliated with a retail pharmacy, all in violation of Section 1 of the Sherman Act.

plaint which attempted to state a cause of action under Connecticut law. Moore's Rule 54(b) motion for certification does not include this portion of the amended complaint.

■ Under Rule 54(b), where multiple claims for relief are presented in an action,[3] the court may direct the entry of final judgment as to one or more, but fewer than all, of the claims "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Certification in such circumstances is vested within the discretion of the court. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); 6 *Moore's Federal Practice,* ¶ 54.41[3] at 741 (1976). In the exercise of that discretion, of course, the court must find "there is no just reason for delay" of final judgment. "In other words, there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939, 942 (2d Cir. 1968). As stated by Professors Wright and Miller: "The strong federal policy against piecemeal review mandates that the district court make the express determination only in the infrequent case in which a failure to do so might have a harsh effect." 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 2659, p. 76 (1973).

■ Here, Moore has not shown the court any hardship or injustice imposed upon it should the Rule 54(b) certificate be denied. Although Moore asserts that if the certificate is now denied and it is later successful in reversing the court's dismissal of Counts II and III, duplicative discovery and a needless second jury trial would result, in fact this danger is more apparent than real. If, as Moore admits, many of the foundation facts will be the same with respect to Counts I, II and III of the complaint, it would be foolhardy to go over once-plowed ground again. Much of the information sought by Moore on Counts II and III will have already been obtained by it during its discovery of Count I. Additionally, this case should be ready for trial within two months. Appellate review of the court's May 31 order at this stage would needlessly delay the overall resolution of this dispute, particularly since it can be assumed that court and counsel can devise means to utilize the evidence in the first trial in the event that the plaintiff is successful in overturning Judge Gagliardi's determination with respect to Counts II and III. As in *Campbell v. Westmoreland Farm, Inc., supra,* 403 F.2d at 942, an interlocutory appeal at this stage would simply delay the trial of the Section I claim with no countervailing benefits. Moore will have ample opportunity to protect its legal rights with respect to Counts II and III following the trial of Count I in the fall.

Finally, the similarity of the claims dismissed by Judge Gagliardi and the remaining count is manifest. Although different legal theories are alleged, these antitrust claims arise out of Lilly's threatened termination of its wholesale distribution agreement with Moore. May 31, 1978 opinion at 2. In such circumstances, certification is inappropriate. *Western Geophysical Company of America, Inc. v. Bolt Associates, Inc.,* 463 F.2d 101, 103 (2d Cir.), *cert. denied,* 409 U.S. 1040, 93 S.Ct. 523, 34 L.Ed.2d 489 (1972); *Campbell v. Westmoreland Farm, Inc., supra.*

Accordingly, Moore's motion for certification pursuant to Rule 54(b) is denied.

II. *Lilly's motion for reargument.*

Lilly has moved the court for reargument of that portion of the May 31 order which denied its motion to vacate a consent injunction entered into between it and Moore shortly after this action was commenced. Because Lilly has not presented any factual matters or controlling decisions which Judge Gagliardi overlooked in his May 31 order, the motion is denied. Rule 9(m), General Rules of the Southern District of New York.

SO ORDERED.

---

**3.** Lilly has asserted that Counts I, II and III are really legal variations of the same claim and therefore fail to meet the prerequisite that separate claims exist before a Rule 54(b) certification may be issued. *See Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 742–743, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). Because the court determines in the exercise of its discretion that certification should not issue, this issue need not be reached.