James **WILLIAMS** and Equal Employment Opportunity Commission, Appellees,

v.

ST. LOUIS DIECASTING CORPORATION, Appellant.

No. 79–1566.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 4, 1979.

Decided Dec. 10, 1979.

Ward Fickie, Biggs, Casserly, Barnes, Fickie & Wolf, St. Louis, Mo., for appellant.

Marcia B. Ruskin, Atty., E.E.O.C., Washington, D. C. (argued), Leroy D. Clark, Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, and Beatrice Rosenberg, Asst. Gen. Counsel, Washington, D. C., on brief for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

## ORDER

In this civil rights action, brought for alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, plaintiff-intervenor, the Equal Employment Opportunity Commission, moved for separate trials on (1) the issue of violation of the statute, and (2) if violations were found, the issue of appropriate relief. The district court[1] ordered the cause bifurcated on April 11, 1978, and tried the issue of liability. An order for the E.E.O.C. was entered May 21, 1979, the district court certified the order as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and defendant company filed a timely notice of appeal.

This cause involved but a single claim which was bifurcated for trial into the issues of liability and remedy. Rule 54(b) requires entry of a judgment on one or more claims for relief and entry of a final judgment "as to one or more but fewer than all of the claims or parties." Thus, Rule 54(b) did not provide a basis for appeal in the instant case, and we hold the district court's certification under Rule 54(b) unavailing. *See Western Geophysical Co. of Am., Inc. v. Bolt Associates, Inc.,* 463 F.2d 101, 103 (2d Cir.), *cert. denied,* 409 U.S. 1040, 93 S.Ct. 523, 34 L.Ed.2d 489 (1972); *H. L. Moore Drug Exch. v. Eli Lilly & Co.,* 457 F.Supp. 75, 77 (S.D.N.Y.1978). It would have been possible for the defendant company to request permission to appeal pursuant to 28 U.S.C. § 1292(b), but it did not do so.

There is, however, an alternative basis for appellate jurisdiction since the amended complaint filed October 28, 1976, sought injunctive relief and since the order entered by the district court on May 21, 1979, can be construed as granting such relief. This Court has jurisdiction to consider an appeal pursuant to 28 U.S.C. § 1292(a)(1). Having done so, we conclude that the district court did not abuse its discretion in granting the injunctive relief that it did. Moreover, we note that counsel for the defendant at oral argument indicated that the defendant company has com-

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

plied with the district court's directive and does not contest the directive but rather only the underlying determination of liability.

Accordingly, we dismiss the appeal without prejudice to the defendant company's right to contest the finding of liability by appeal to this Court after final judgment has been entered.