572

### John DeCLERK, Wilma DeCLERK and Mike DeCLERK *v.* Bob TRIBBLE

CA 80-30                                      599 S.W. 2d 152

Court of Appeals of Arkansas
Opinion delivered May 7, 1980
Released for publication May 28, 1980

*Wilson & Grider*, by: *Murrey L. Grider*, for appellants.

*Barrett, Wheatley, Smith & Deacon*, by: *Jim Sloan*, for appellee.

M<span style="font-variant:small-caps">ARIAN</span> F. P<span style="font-variant:small-caps">ENIX</span>, Judge. The appellants, John, Wilma and Mike DeClerk, filed a tort claim against appellee Bob Tribble on May 10, 1979. The complaint stated Tribble, in driving his truck and rig from DeClerks' repair shop, caused $9,000 damage to the building and $500 damage to another vehicle. The complaint further stated due to Tribble's negligence, Mike DeClerk was required to expend $619 for extra heating, $100 for a compound needed because of a leak, $200 for security dogs and $725 for additional man power. The summons was served on Tribble June 4, 1979. Tribble did not file an answer until June 29, 1979, which was five days past the twenty days allowed for filing an answer.

DeClerks filed a Motion for Default judgment, alleging the answer of Tribble had not been timely filed. Tribble's Response to Motion for Default states there is a meritorious defense to the lawsuit. It also states that the tardiness in filing the responsive pleading was due to a "just cause," an "unavoidable casualty," and/or "excusable neglect" and that the Motion for Default should be denied and that the case should proceed to trial on its merits. Tribble's Response states Tribble took reasonable steps to get the suit papers in the hands of his attorney. The attorney's affidavit reflects an answer was prepared by him June 22, 1979, but the pleading became covered with other papers in the attorney's office and it was not discovered by him until the date upon which the answer was filed, June 29, 1979.

The Court denied the Motion for Default and ordered the Answer filed June 29, 1979, be allowed to stand and accepted as timely filed.

The DeClerks allege error in the Court's acceptance of the Answer as timely filed. DeClerks contend the reasons given for the filing of a late answer were not sufficient to justify the Court's refusal to enter a Default Judgment. The DeClerks contend there is no showing of unavoidable casualty, excusable neglect or other just cause.

Tribble argues the trial judge's order providing the case should proceed to trial on its merits, is not appealable since such ruling did not "dismiss the parties from the Court, discharge them from the action or conclude their rights to the subject matter in controversy."

The trial court said the case should proceed to trial. This does not preclude the DeClerks from litigating a meritorious claim nor is such order a final determination on the merits. For an order of a trial court to be appealable to the Court of Appeals, it must be final. Rules of Appellate Procedure, Rule 2. In *Johnson* v. *Johnson*, 243 Ark. 656, 421 S.W. 2d 605 (1967), the Arkansas Supreme Court stated:

For a judgment to be final and appealable, it must in form or effect: terminate the action; operate to divest

some right so as to put it beyond the power of the court to place the parties in their former condition after the expiration of the term; dismiss the parties from the court; discharge them from the action; or conclude their rights to the matter in controversy.

See also *McConnell and Son* v. *Sadle*, 248 Ark. 1182, 455 S.W. 2d 880 (1970). The denial of a motion for a default judgment is not a final order. *Carpenter* v. *Ingram*, 77 Ark. 299, 91 S.W. 24 (1905). The trial can proceed on the merits. The DeClerks have not lost any of their rights. The action has not been terminated.

We hold this order denying the Motion for the Default Judgment is not appealable and we therefore dismiss the appeal.

Dismissed.