Harold L. HYATT et ux *v.* CITY OF
BENTONVILLE, Arkansas, an Arkansas Municipal
Corporation of the First Class

81-208                                              628 S.W. 2d 326

Supreme Court of Arkansas
Opinion delivered March 1, 1982

*J. L. Hendren,* for appellants.

*Kevin J. Pawlik,* for appellee.

FRANK HOLT, Justice. The appellee city initiated this suit in circuit court seeking to exercise its power of eminent domain to procure an easement across appellants' property. Appellee alleged the easement was necessary to complete the construction of a public improvement, i.e. an underground primary electrical service line and placing a pad mount thereon. Appellants answered and denied that the appellee had any statutory authority to exercise the power of eminent

domain for the purpose stated. Appellant landowners then filed a motion requesting that the circuit court transfer the case to chancery court for a resolution of the issue of the city's "right to take" and, if the chancellor found the "right to take" existed, appellants requested that the case be retransferred to circuit court for a determination of damages by a jury.

The chancery court, on the pleadings and without any proof whatsoever as to need, held that the appellee city had the authority to enter and take private property for the lawful purpose of furnishing light and power to consumers in connection with the operation of the municipal corporation. Ark. Stat. Ann. § 35-902 (Repl. 1962) and Ark. Stat. Ann. § 19-2318 (Repl. 1980). Hence this appeal which presents the sole issue as to whether the appellee city has the power to condemn land within its city limits for the purpose of constructing an underground primary electrical service line and placing thereon a pad mount transformer.

We hold the order of the chancellor is not an appealable order and dismiss the appeal. Even though the parties do not raise the issue of the existence of a final order, it is a jurisdictional question which the appellate court has the right and duty to raise in order to avoid piecemeal litigation. *Ark. S & L* v. *Corning S & L,* 252 Ark. 264, 478 S.W. 2d 431 (1972); *McConnell* v. *Sadle,* 248 Ark. 1182, 455 S.W. 2d 880 (1970); *Ark. State Highway Comm.* v. *Kesner,* 239 Ark. 270, 388 S.W. 2d 905 (1965); and *Piercy* v. *Baldwin,* 205 Ark. 413, 168 S.W. 2d 1110 (1943). It is well established that before a judgment is final and appealable, it must dismiss the parties from the court, discharge them from the action or conclude their rights to the subject matter which is in controversy. *McConnell* v. *Sadle, supra; Ark. State Highway Comm.* v. *Kesner, supra; Piercy* v. *Baldwin, supra;* and *Roy* v. *Int'l Multifoods Corp.,* 268 Ark. 958, 597 S.W. 2d 129 (Ark. App. 1980). ARAP, Rule 2, Ark. Stat. Ann. Vol. 3A (Repl. 1979). Here, there are two facets to this litigation which are to be resolved before there is a final judgment: 1) the right of the city to exercise eminent domain, and 2) the right of the landowners to just compensation. Only this preliminary right and need of the city was attempted to be resolved by a

temporary transfer from circuit to chancery court. As requested by the appellant landowners, the matter was retransferred to the circuit court for a future determination of damages by a jury. This constitutes piecemeal litigation.

Appeal dismissed.

HICKMAN, J., concurs.