James and Daisy HEFFNER d/b/a HEFFNER CARPET
*v.* Dave Widsom HARROD d/b/a An Attorney at Law

82-181                                    644 S.W.2d 579

Supreme Court of Arkansas
Opinion delivered January 17, 1983
[Rehearing denied February 14, 1983.]

*Law Offices of Paul Johnson,* by: *John Lloyd Johnson, Jr.,* for appellants.

*Wright, Lindsey & Jennings,* for appellee.

STEELE HAYS, Justice. James and Daisy Heffner filed suit on May 21, 1981 against Dave Widsom Harrod, a lawyer, alleging they had sold $3,546.79 worth of carpet to Harrod's client, Myers Munnerlyn, a house builder; that when Munnerlyn's check in payment was returned because of insufficient funds they filed a materialman's lien; that Harrod wrote to the Heffners on March 29, 1977 to say that if they would release their lien he would, as their agent, obtain the money owed them by Munnerlyn from the prospective purchaser; that they relied on written and oral representations from Harrod and released their liens, but were never paid. They alleged that Harrod intentionally deceived them, that he breached a fiduciary duty as a lawyer and agent by collecting the money and refusing to account; that he was guilty of professional misconduct and negligence, of breach of oral and written contracts, and of conversion. They asked for compensatory and punitive damages.

Harrod pleaded the statute of limitations as a defense and moved for summary judgment, which the court granted with respect to any cause of action to which a one year, two year or three year statute of limitations would apply, finding that the Heffners stopped relying on the alleged representations of Harrod as a matter of law prior to May 25, 1978 when they retained a lawyer to recover the money. The court denied summary judgment with respect to the claim of breach of a written contract and held the Heffners would be permitted to introduce evidence relevant to all claims raised by their pleadings, that the case would be submitted to the

jury on special interrogatories to enable the court to determine whether the case sounded in contract or in tort and if in tort, the Heffners would be barred from the recovery of damages.

The Heffners have raised a number of issues on appeal and argue that Harrod is estopped from asserting the statute of limitations as a defense. However, we do not reach the merits of these issues, as we find the appeal to be premature for the lack of a final order, a jurisdictional requirement which we are obliged to raise even when the parties do not. *Arkansas Savings and Loan Association* v. *Corning Savings and Loan Association,* 252 Ark. 264, 478 S.W.2d 431 (1972), *McConnell* v. *Sadle,* 248 Ark. 1182, 455 S.W.2d 880 (1970).

Here, the court did not dismiss the parties from the court, nor discharge them from the action, nor conclude their rights to the subject matter in controversy. It did, acting on the motion for summary judgment, make findings of fact and conclusions of law which narrowed the issues raised by the amended complaint, but whether error occurred is subject to later review, when and if the case is appealed. The trial court did not grant summary judgment in the whole case, but simply determined what it thought to be the controverted issues and continued the case for a jury trial. This procedure is contemplated by ARCP Rule 56 (d) and is not the equivalent of a final determination of the case so as to constitute an appealable order.

We have said frequently that in order for a judgment to be appealable it must dismiss the parties from the court, discharge them from the action or conclude their rights to the subject matter in controversy. *Nolan Lumber Co.* v. *Manning,* 241 Ark. 422, 407 S.W.2d 937 (1966), *Piercy* v. *Baldwin,* 205 Ark. 413, 168 S.W.2d 1110 (1943). This attempted appeal illustrates the reason for the rule that an order must be final to be appealable: if this appeal were allowed and these preliminary issues reviewed, the case would necessarily be remanded for trial and if subsequent errors occurred, or were alleged, the case could be appealed a second time, resulting in two appeals where one would suffice. See Rule 2, Arkansas Rules of Appellate Procedure.

In *McConnell* v. *Sadle, supra,* we said:

Cases cannot be tried by piecemeal, and one can not delay the final adjudication of a cause by appealing from the separate orders of the court as the cause progresses. When a final order or judgment has been entered in the court below determining the relative rights and liabilities of the respective parties, an appeal may be taken, but not before. *McPherson* v. *Consolidated Casualty Co.,* 105 Ark. 324, 151 S.W. 283 (1912).

In *Arkansas Savings and Loan Association* v. *Corning Savings and Loan Association, supra,* we said:

We have also said that an appeal will not lie from an interlocutory order relating only to some question of law or matter of practice in the course of the proceeding leaving something remaining to be done by some court having jurisdiction to entertain the same and proceed further therewith. *Johnson* v. *Johnson,* 243 Ark. 656, 421 S.W.2d 605 (1967).

We take this opportunity to point out that the trial judge may well have intended his order to be tentative rather than final, as he made express provision for the introduction of evidence in trial "relevant to all claims for relief stated by the plaintiffs", which we think is consistent with the wording of ARCP Rule 54 (b), which reads in part:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim or third party claim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . and *the order or other form of decision is subject to*

*revision at any time before the entry of judgment adjudicating all the claims* and the rights and liabilities of all the parties. (our italics).

Note 2 of the Reporter's Notes to Rule 54, provides:

2. Under FRCP 54 (b), the practice is to wait until all claims have been finally determined before entering judgment on any particular claim. The purpose is to prevent piecemeal appeal while portions of the litigation remain unresolved. There may be situations, however, where a particular claim should be finally determined before the entire case is concluded. Accordingly, the trial court may direct the entry of a final judgment on fewer than all claims involved upon the express determination that there is no good reason for delay. Thus, a party will always know whether a judgment in a Rule 54 (b) situation is ripe for appeal. Unless this determination has been made by the trial court, there can be no appeal. *RePass* v. *Vreeland*, 357 F.2d 801 (C.C.A. 3rd, 1966); *Oak Construction Co.* v. *Huron Cement Co.*, 475 F.2d 1220 (C.C.A. 6th, 1973).

The trial court made no such finding and the order is not final and not appealable; it is subject to revision at any time prior to final judgment.

Appeal dismissed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I respectfully dissent from the majority opinion. The appeal was dismissed because the majority decided that the order was not appealable. The appeal resulted from the action of the trial court in granting a summary judgment in favor of the appellee. The trial court dismissed the appellants' claims for damages against attorney Harrod based on tort and contract.

Both attorneys involved in the appeal agreed that the appeal was based upon an appealable order. Nevertheless the majority reached outside the abstract and briefs and

decided the order was not appealable. It seems to me that important aspects to be considered in reaching a decision are the Rules of Appellate Procedure which this court promulgated and adopted. Rule 2 reads in part:

(a) An appeal may be taken from a circuit, chancery, or probate court to the Arkansas Supreme Court from:

1. A final judgment or decree entered by the trial court;

2. An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action;

3. . . .

4. An order which strikes out an answer, or any part of an answer, or any pleading in an action;

It appears to me that Rule 2 plainly allows an appeal in the present case from the action of the trial court in dismissing appellants' claims against attorney Dave Wisdom Harrod based upon tort or contract. The trial court's decision and the majority decision today mean that appellants cannot present evidence that Harrod converted money to his own use which was paid to him to be delivered to the appellants. They may not even be able to argue that the attorney's letter of March 29, 1977 amounted to a contract in writing upon which they relied. We have held many times that a summary judgment, being an extreme remedy, should only be granted when it is clear there is no issue of fact to be litigated. *Trace X Chemical, Inc.* v. *Highland Resources, Inc.*, 265 Ark. 468, 579 S.W.2d 89 (1979). In the present case it is my opinion that there are factual matters upon which reasonable people could reach opposite decisions. I think the appellants should be granted a full opportunity to present their claims that an attorney has misappropriated their money. However, the majority opinion will allow the case to be tried without the right of the appellants to present any evidence that the attorney is responsible in either tort or contract except by proffer. When the case comes to us on the

next appeal, I hope we will decide that this material constituted proper evidence and at that time reverse the case and return it for a new trial. Had we reached the merits of the present argument it would not be necessary to have the issue before us on a second appeal.