Joseph FRATESI and Velma FRATESI *v.*
Cy BOND d/b/a BOND PLANTING COMPANY

84-43                                          666 S.W.2d 712

Supreme Court of Arkansas
Opinion delivered April 9, 1984

*Samuel A. Perroni,* for appellants.

*A. Jan Thomas, Jr., Jake Brick,* and *Preston Hicky,* for appellee.

P. A. HOLLINGSWORTH, Justice. On May 30, 1980, appellee Bond Planting Co. hired Osceola Aerial Service to apply two herbicides by cropduster airplane to its soybean crop. The appellants, Joseph and Velma Fratesi, complain that the herbicide spray drifted from Bond's field across a county road onto his home and crops causing substantial damage. This is the second occurrence of spray drifting from Bond's field onto the Fratesi property since 1979. The complaint filed by the appellants seeks compensatory damages against Osceola Aerial Service and both compensatory and punitive damages against Bond. Subsequent to lengthy discovery conducted by both parties, Bond filed a motion for summary judgment on the issue of punitive damages. The trial court granted the motion stating in its

order that the evidence presented in the discovery aspect of the case is not sufficient to make an issue of punitive damages. This appeal is from that order.

We have held in numerous cases that we do not reach the merits of an appeal if the order appealed is not final. *Corning Bank and Bailey Bippus* v. *Delta Rice Mills, Inc.,* 281 Ark. 342, 663 S.W.2d 737 (1984); *Heffner* v. *Harrod,* 278 Ark. 188, 644 S.W.2d 579 (1983); *McIlroy Bank & Trust* v. *Zuber,* 275 Ark. 345, 629 S.W.2d 304 (1982); *Roberts Enter., Inc.* v. *Arkansas Highway Comm'n,* 277 Ark. 25, 638 S.W.2d 675 (1982). In all of these cases we stated that in order for a judgment to be appealable, it must dismiss the parties from the court, discharge them from the action or conclude their rights to the subject matter in controversy. See also *Johnson* v. *Johnson,* 243 Ark. 656, 421 S.W.2d 605 (1967). The trial court did not grant summary judgment in the whole case, and we are not in a position to predict what evidence will be presented at trial relevant to all claims for relief sought by the appellants. If this appeal were allowed and we decided the issue on punitive damages and subsequent errors occurred during the trial on the remaining issues, the case could be appealed a second time, resulting in two appeals where one would suffice. This case illustrates simply the reason for the rule that an order must be final to be appealable. See Rule 2, Arkansas Rules of Appellate Procedure. This is a jurisdictional requirement we are obliged to raise even when the parties do not. *Arkansas Savings and Loan Ass'n* v. *Corning Savings and Loan Ass'n,* 252 Ark. 264, 478 S.W.2d 431 (1972); *McConnel* v. *Sadle,* 248 Ark. 1182, 455 S.W.2d 880 (1970). Accordingly, this appeal is dismissed.

Dismissed.