W. J. BUDD, et al. *v.* Joe DAVIS, et al.

86-42                                      711 S.W.2d 478

Supreme Court of Arkansas
Opinion delivered June 30, 1986

*Chambers & Chambers*, by: *Rodney T. Chambers*, for appellants.

*Keith, Clegg & Eckert*, by: *Elliott L. Clegg*, for appellees Joe Davis and Betty Davis.

*Michael E. Surguine*, for appellees Barry L. Dennis and Donna Dennis.

*James E. Baine*, for appellee Deltic Farm & Timber Co., Inc.

DAVID NEWBERN, Justice. The appellants brought this action against the appellees for wrongfully cutting timber from land owned by the appellants. Appellee Joe Davis claims to be a cotenant with the appellants with respect to the land in question. Appellee Barry Dennis claims to be a cotenant by virtue of a timber deed from Davis. Appellee Deltic Farm and Timber Co., Inc., claims to be a cotenant by virtue of a timber deed from Dennis. The appellants sought treble damages, pursuant to Ark. Stat. Ann. § 50-105 (Repl. 1971). The appellees denied liability for treble damages on the ground that, as cotenants with the appellants, they could not be regarded as trespassers upon the appellants' land.

The trial court entered an order holding that the appellees

could not be trespassers on the interest of their cotenants and thus that § 50-105 does not apply. The appellants have taken this interlocutory appeal. They contend, in their jurisdictional statement, that we should decide the issue despite the fact that the case has yet to be tried. We decline to do so.

■ The appellants state that the court's ruling is upon a "separable" branch of the litigation and thus an appeal is permissible under Ark. R. App. P. 2(a)(2). That rule does not permit appeal except of "[a]n order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action." Here we have no such situation. Nor has there been a final determination of a claim or certification under Ark. R. Civ. P. 54(b).

■ As there has been no final or otherwise appealable order entered, we lack jurisdiction to hear the appeal. *3-W Lumber Company* v. *Housing Authority for the City of Batesville*, 287 Ark. 70, 696 S.W.2d 725 (1985); *Arkansas Savings and Loan Association* v. *Corning Savings and Loan Association*, 252 Ark. 264, 478 S.W.2d 431 (1972).

Appeal dismissed.