Ivan HALL, Mona HALL, Individually, and Ivan HALL, as Father and Next Friend of Troy HALL and Justin HALL *v.* Del LUNSFORD

87-52                                    732 S.W.2d 141

Supreme Court of Arkansas
Opinion delivered July 6, 1987

*Gordon L. Humphrey, Jr.,* Legal Services of Arkansas, for appellant.

*Bob Keeter*, for appellee.

TOM GLAZE, Justice. This case involves landlord/tenant issues and was initiated by the appellee filing an action for unpaid rent, damages to the rental house and monies owed on a propane bill. Appellants answered, denying the appellee's allegations and counterclaimed for damages, alleging appellee had breached an implied warranty of habitability. The trial judge granted the appellee's motion to dismiss appellants' cause of action based upon an implied warranty theory, holding no such action exists in Arkansas. The judge's order left intact appellants' wrongful eviction action as well as the appellee's claim for rents and other damages. Although the parties' other claims remain pending below, appellants filed this appeal from the trial court's order without first complying with Rule 54(b) of the Arkansas Rules of Civil Procedure. *See Sherman* v. *G & H Transportation, Inc.,* 287 Ark. 25, 695 S.W.2d 832 (1985). Therefore, we must dismiss the appeal.

Appellants suggest the trial court's order here was a final and appealable one under Ark. R. App. P. 2(a)2 and (a)4. To further support their argument, appellants stated in oral argument that they had agreed with appellee that, if appellants failed to prevail in this appeal on the implied warranty issue, the appellants would not contest the remaining matters and would agree to a consent order. In sum, the appellants' argument suggests this appeal could possibly resolve the parties' entire dispute below.

Of course, the question of whether a final order exists is a jurisdictional issue to be decided by the appellate court and, that being true, the parties here, by their agreement, cannot make that determination. It is a settled rule of law that whether a final order exists is a jurisdictional question which the appellate court has the duty and right to raise in order to avoid piecemeal litigation. *See Hyatt* v. *City of Bentonville,* 275 Ark. 210, 628 S.W.2d 326 (1982). In this respect, the trial court's order, for it to be final and appealable, must have dismissed the parties from the court, discharged them from the action or concluded their rights to the subject matter which is in controversy. *Id.* Clearly, the court's order failed to comply with these requirements, nor have the parties attempted to obtain the trial court's final determination of a claim or certification under Ark. R. Civ. P. 54(b).

Because there has been no final or otherwise appealable order entered, we lack jurisdiction to hear the appeal. *Budd* v. *Davis,* 289 Ark. 373, 711 S.W.2d 478 (1986).

Appeal dismissed.