Jackie KILGORE *v.* James T. VINER

87-71                                                      736 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered September 21, 1987

*Wright, Lindsey & Jennings*, for appellant.

*Southern, Allen, James & Jones*, for appellee.

JACK HOLT, JR., Chief Justice. On December 9, 1982, automobiles driven by Jenny Jett Kilgore and Billye G. Viner collided on Rodney Parham Road in Little Rock, resulting in serious physical injuries to Billye G. Viner. As a result, she filed suit against Jenny Jett Kilgore; Jenny's brother Joel, the owner of the automobile; and Jackie Kilgore, Jenny's mother. James T. Viner, Billye's husband and co-plaintiff, took non-suit of his claim against all defendants. In addition, Billye obtained a non-suit of her claim against Joel. The case ended in a verdict for Billye Viner against Jenny Jett Kilgore and Jackie Kilgore. Later James Viner sued Jackie Kilgore for loss of consortium, the result of which gives rise to this appeal.

Prior to trial on the claim for loss of consortium, James moved for a partial summary judgment on the question of negligence arguing that the determination in the prior trial that Jackie Kilgore was negligent barred relitigation of the issue of negligence. The trial court took that motion under advisement. James also made a motion for a directed verdict at the close of all the evidence, which was, likewise, taken under advisement. The jury returned a defendant's verdict in Jackie Kilgore's favor, however, the trial court in entering its judgment on the verdict,

provided in part, "the court will hereafter consider the motion for summary judgment and motion for directed verdict by the plaintiff, which were taken under advisement."

■ Thereafter, the trial court granted the motion for summary judgment and the motion for judgment notwithstanding the verdict, and in its order stated "a separate hearing shall be held as soon as practical for arguments of counsel as to the amount of plaintiff's damages." The appeal is from this order. Inasmuch as the trial court made provisions for and reserved a separate hearing for damages, its order is not a final order subject to appeal. We will not reach the merits of an appeal if the order appealed from is not final. Ark. R. App. P. 2(a)(1); *Ragar* v. *Hooper-Bond Limited Partnership Fund III*, 293 Ark. 182, 735 S.W.2d 706 (1987); *Fratesi* v. *Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984).

■ Even though the parties did not raise the issue of the appealability of this order, it is the court's duty to determine whether or not it has jurisdiction. *Roy* v. *International Multifoods Corp.*, 268 Ark. 958, 597 S.W.2d 129 (1980); *Hyatt* v. *City of Bentonville*, 275 Ark. 210, 628 S.W.2d 326 (1982). In doing so, we find this order not appealable under Rule 2(a)(1), *supra*, and dismiss.