SEVENPROP ASSOCIATES, A New York Limited Partnership *v.* Christine HARRISON

87-346                                                         746 S.W.2d 51

Supreme Court of Arkansas
Opinion delivered March 14, 1988

*Moore, Moore-Hart & Barton*, by: *Janet Moore-Hart*, for appellant.

*Youngdahl & Youngdahl, P.A.*, by: *Thomas H. McGowan*, for appellee.

ROBERT H. DUDLEY, Justice. This appeal is dismissed because there is not yet a final judgment.

The plaintiff, Christine Harrison, filed a tort suit and asked for $150,000.00 in compensatory damages and $500,000.00 in punitive damages. Service was had on the defendant, Sevenprop Associates, a New York limited partnership, on January 20, 1987, and the defendant did not answer. A motion for a default judgment was filed and service on that motion was perfected. Shortly thereafter, on April 21, 1987, the trial court, without hearing any proof on damages, entered a default judgment on liability as well as for all damages asked. On July 2, 1987, the defendant filed a motion to set aside the entire default judgment. The trial court recognized that the amount of damages had not been admitted by the failure to answer, *see* ARCP Rule 8(d), and vacated that part of the default judgment which had awarded damages, but left standing the default as to liability. The order partially vacating the judgment was entered on July 20, 1987, which was within 90 days of the original judgment. *See* ARCP Rule 60(b). The defendant now seeks to appeal the trial court's refusal to set aside the default as to liability. We dismiss the appeal because the refusal to set aside a default judgment as to liability is not a final judgment as required for appeal. *See* Ark. R. App. P. 2. The issue of damages remains to be tried before there can be a final order.

We have frequently held that we will not decide the merits of an appeal when the order appealed from is not a final

order. *Tapp* v. *Fowler*, 288 Ark. 70, 702 S.W.2d 17 (1986); *Fratesi* v. *Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984); *Corning Bank* v. *Delta Rice Mills, Inc.*, 281 Ark. 342, 663 S.W.2d 737 (1984); *Heffner* v. *Harrod*, 278 Ark. 188, 644 S.W.2d 579 (1983); *McIlroy Bank & Trust* v. *Zuber*, 275 Ark. 345, 629 S.W.2d 304 (1982). In all of these cases we have stated that in order for a judgment to be appealable, it must dismiss the parties or conclude their rights to the subject matter in controversy. Here, the issue of damages remains to be decided.

The appellee did not raise this issue of appealability, but the issue is a jurisdictional one which we raise on our own in order to avoid piecemeal appeals. *Hyatt* v. *City of Bentonville*, 275 Ark. 210, 628 S.W.2d 326 (1982).

Appeal dismissed.