BRYAN FARMS, INC. *v.* STATE of Arkansas ex rel Arkansas Department of Parks & Tourism

87-320                                                           747 S.W.2d 115

Supreme Court of Arkansas
Opinion delivered April 4, 1988

*Henry Swift* and *H. David Blair*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jeffrey A. Bell*, Deputy Att'y Gen., and *Tim Humphries*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. This is an appeal pursuant to ARCP Rule 54(b) on an interlocutory order permitting the State of Arkansas ex rel Arkansas Department of Parks and Tourism to abandon condemnation proceedings more than two years after starting the proceedings. The only point argued for reversal is that the trial court erred in allowing the appellee to abandon the condemnation proceedings after title to the condemned property

had passed to the state. Although certified to us by the trial court, the order appealed from is not an appealable order pursuant to ARCP Rule 54(b). The appeal is therefore dismissed.

Rule 54(b) reads as follows:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

There was no final judgment as to one or more but fewer than all of the claims or parties. See *Murry* v. *State Farm Mutual Auto Ins.*, 291 Ark. 445, 725 S.W.2d 571 (1987). By the express terms of the order appealed from, the matters of appropriate damages, attorney fees and costs are yet to be determined by the trial court. The case is therefore not ripe for appeal.

Appeal dismissed.