Thomas MUELLER, et al. *v.* Radcliffe KILLAM, et al.

87-296                                    748 S.W.2d 141

Supreme Court of Arkansas
Opinion delivered April 25, 1988

*Warner and Smith*, by: *P.K. Holmes III*, for appellant Thomas C. Mueller.

*Peel, Eddy and Gibbons*, by: *David L. Eddy*, for appellants Adrienne Gans Simon; Ottilie Graves a/k/a Gypsy Cosden Graves; Joshua S. Cosden, Jr., a/k/a Joshua Seney Cosden, Jr., and Barbara B. Cosden, his wife; Helen Elizabeth Lockwood; Joshua Stanley Cosden, Jr.; Marjorie Cosden Annan; Ottilie McPherson; Josephine Rider; and Frances Moley.

*Hardin, Jesson & Dawson*, by: *Bradley D. Jesson*, for

appellants Texas Oil & Gas Corp. and TXO Production Corp.

*Pryor, Barry, Smith & Karber*, by: *John D. Alford*, for appellees.

. JACK HOLT, JR., Chief Justice. The appellees, Radcliffe Killam, et al., filed a complaint against the appellants, Thomas Mueller, et al., praying that title to certain mineral interests be confirmed in the appellees, that certain oil and gas leases, along with any assignments or other conveyances of the appellants be set aside, for an accounting for all oil, gas, or other minerals produced by the appellants on the mineral acres, and for damages for trespass. The trial court found that the appellees were owners of the mineral acres and that appellants Mueller and Texas Oil and Gas Corporation had trespassed upon the mineral interests of the appellees. Pursuant to an agreement of the parties to bifurcate the issue of damages from the issue of liability, the court retained jurisdiction of the case for the purposes of determining damages as a result of the trespass and for hearing the cross-complaint of appellants Mueller and Texas Oil and Gas Corporation against the "Cosden Group" appellants. The decree specified that "[t]his order shall constitute a final appealable order of the Court. . . ." We hold to the contrary and dismiss this appeal because the decree was not one from which an appeal may be taken under Ark. R. App. P. 2 and Ark. R. Civ. P. 54(b).

Ark. R. App. P. 2 provides in pertinent part:

(a) An appeal may be taken from a circuit, chancery, or probate court to the Arkansas Supreme Court from:

1. A final judgment or decree entered by the trial court;

2. An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action.

Ark. R. Civ. P. 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay

and upon express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Whether a final judgment, decree, or order exists is a jurisdictional issue which we have a duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Sevenprop Assoc.* v. *Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1988); *Kilgore* v. *Viner*, 293 Ark. 187, 736 S.W.2d 1 (1987); *Hall* v. *Lunsford*, 292 Ark. 655, 732 S.W.2d 141 (1987); *Fratesi* v. *Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984). Parties by agreement cannot make this determination. *Hall, supra.* To be final and appealable, a trial court's order, decree, or judgment must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.; Tapp* v. *Fowler*, 288 Ark. 70, 702 S.W.2d 17 (1986); *Hyatt* v. *City of Bentonville*, 275 Ark. 210, 628 S.W.2d 326 (1982). "A final judgment or decision is one that finally adjudicates the rights of the parties, putting it beyond the power of the court which made it to place the parties in their original position." *Thomas* v. *McElroy*, 243 Ark. 365, 420 S.W.2d 530 (1967). A judgment or order is not final and appealable if the issue of damages remains to be decided. *Bryan Farms, Inc.* v. *State*, 295 Ark. 180, 747 S.W.2d 115 (1988); *Sevenprop Assoc., supra; Kilgore, supra.*

The trial court's decree did not finally adjudicate or conclude the rights of the parties, discharge them from the action, or dismiss them from the trial court. Instead, the court bifurcated the issues before it and reserved determination of the issue of damages for a later date. Accordingly, its decree was not a final judgment or decree under Ark. R. App. P. 2 and Ark. R. Civ. P. 54(b). As an aside, we further note that the trial court's order did not comply with Rule 54(b) since the order did not make an express determination that there was no just reason for delay. *Tackett* v. *Robbs*, 293 Ark. 171, 735 S.W.2d 700 (1987).

Appeal dismissed without prejudice.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I would consider the case on its merits. While it is before us, we would save time, trouble and expense by deciding this issue now. Maybe Rule 54(b) should be modified to be more flexible.