ASSOCIATES FINANCIAL SERVICES COMPANY OF OKLAHOMA, INC. *v.* CRAWFORD COUNTY MEMORIAL HOSPITAL, INC., Curtis Langston, Jr., and Patsy Langston

88-164                                    759 S.W.2d 210

Supreme Court of Arkansas
Opinion delivered October 31, 1988

*Phillip J. Taylor*, for appellant.

*Parker Law Firm*, for appellee Crawford County Memorial Hospital, Inc.

STEELE HAYS, Justice. This is an appeal from the denial of a motion for default judgment, which we dismiss for want of an

appealable order.

Associates Financial Services Company, appellant, filed a writ of garnishment against County Memorial Hospital, a corporate garnishee. The hospital sent a letter to the circuit clerk, with a copy to Associates' attorney, setting forth certain facts about the employment and wages of the defendant. The letter was signed by the personnel director of the hospital and was the hospital's only response to the writ of garnishment.

Associates objected to the letter, primarily because it was not filed by an attorney. It argued that the letter was not a properly filed answer because a corporation cannot practice law except through licensed attorneys, citing *All City Glass and Mirror* v. *McGraw Hill Information Systems Co.*, 295 Ark. 520, 750 S.W.2d 395 (1988). Associates asked that the letter be struck and that the circuit court grant a default judgment in the amount alleged in the writ of garnishment. The circuit judge held that the hospital had substantially complied and so denied the motion for default judgment. From the denial of that order the appellant brings this appeal.

Even though the parties did not raise the issue of the appealability of this order, it is our duty to determine whether or not we have jurisdiction. *Kilgore* v. *Viner*, 293 Ark. 187, 736 S.W.2d 1 (1987); *Hyatt* v. *City of Bentonville*, 275 Ark. 210, 628 S.W.2d 326 (1982). For an order of a trial court to be appealable, it must be an order which in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action. ARAP Rule 2(a)(2). The denial of a motion for a default judgment is not a final order. *DeClerk* v. *Tribble*, 269 Ark. 572, 599 S.W.2d 152 (1980).

The appeal is dismissed.