JOHN CHEESEMAN TRUCKING, INC. and
John Hofstetter, et al. *v.* Johnny "Bo" DOUGAN;
William J. Bevis, Jr., et al.

90-140                                              805 S.W.2d 69

Supreme Court of Arkansas
Opinion delivered March 18, 1991

*Hucabay, Munson, Rowlett, and Tilley*, by: *Beverly A. Rowlett*, for appellants John Cheeseman Trucking and John Hofstetter.

*Friday, Eldredge & Clark*, by: *James M. Simpson* and *Guy Alton Wade*, for appellants Mallinckrodt, Inc., Morgan Clay, and Sunbelt Transportation.

*Laser, Sharp, Mayes, Wilson, Bufford and Watts*, for appellee Johnny Bo Dougan.

*Hardin, Jesson and Dawson*, for appellee William J. Bevis, Jr.

*Randall L. Gammill*, for appellee Katherine Pinson.

*Anderson & Kilpatrick*, by: *Michael E. Aud*; and *Phillips Law Firm*, by: *Paul Byrd* and *James H. Phillips*, for appellees Glen McClendon Trucking and James Guy Smith.

*Jerry Kelly*, for appellee Elizabeth Kittler.

*Gary Eubanks & Associates*, by: *Darryl E. Baker* and *James Gerard Schulze*, for appellee Tammy Bullock.

*Wright, Lindsey & Jennings*, for appellees David Newman, Richard Pitrolo, and Ryder Truck Rental.

STEELE HAYS, Justice. This case is the product of a consolidation of several suits spawned by a series of collisions involving eleven motor vehicles. The collisions occurred on the night of June 8, 1988, on Interstate 40 adjacent to farms of Johnny "Bo" Dougan and William J. Bevis in eastern Pulaski County. Earlier that day Dougan and Bevis had set fire to wheat stubble on fields lying north of the interstate. As east bound vehicles approached mile marker 162 they encountered dense smoke limiting visibility to a few feet. The first vehicles to encounter the smoke were two tractor trailers, one belonging to John Cheeseman Trucking, Inc., driven by John Hofstetter, and the other belonging to Mallinckrodt, Inc., leased to Sunbelt Transportation, Inc., and driven by Morgan Clay. Hofstetter was in the left lane and Clay in the right lane, slightly behind. Both drivers stopped abruptly, attributing a total loss of vision to the density of the smoke. The ensuing collisions resulted in four deaths, a number of injuries and extensive property damage. Ryder Truck Rental, Inc., David Newman and Richard Pitrolo filed suit against The Kroger Company and Johnny "Bo" Dougan. John Cheeseman Trucking, Inc., Hofstetter and others intervened or were added by third party complaint until some twenty parties and multiple cross

claims were involved.

The trial court ordered a bifurcated trial, liability to be determined in one trial and damages in another. The liability issues were submitted on interrogatories, in response to which the jury determined that the negligence of John Hofstetter and John Cheeseman Trucking, Inc. was fifty percent and the negligence of Morgan Clay, Sunbelt Transportations, Inc. and Mallinckrodt, Inc. was fifty percent, thus contributing in equal parts to proximately cause damage to Ryder Truck Rental, David Newman, Richard Pitrolo, Estate of J.W. Stocks, Estate of Bobby Woodruff, The Kroger Company, Jerry Odom, James Guy Smith, Jr., Glen McClendon Trucking, Inc., Estate of Hollis Brown, Elizabeth Kittle and Tammy Bullock.

Pursuant to the verdict, the trial court entered a judgment, finding that the defendants adjudged to be liable in the action should not be burdened with the expense of trying the issue of damages if, in fact, there was reversible error in the liability phase of the case. Citing judicial economy and the absence of any just reason for delay, the judgment stated it was a final judgment pursuant to ARCP Rule 54(b). Cheeseman, John Hofstetter, Mallinckrodt, Inc., Morgan Clay and Sunbelt have appealed.

We cannot address the arguments raised on appeal because the judgment appealed from, its recitations notwithstanding, is not a final judgment. It merely determines which parties were damaged, which parties were negligent and the degree to which that negligence contributed to the occurrence. Rule 2 of the Rules of Appellate Procedure lists nine types of judgments, orders or decrees from which an appeal may be taken. All require finality in some respect and an order which merely determines liability and defers a determination as to the damages is not final. *Malone & Hyde, Inc.* v. *West & Co. of L.A., Inc.*, 300 Ark. 435, 780 S.W.2d 13 (1989); *Kilgore* v. *Viner*, 293 Ark. 187, 736 S.W.2d 1 (1987). We have said repeatedly, for an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Roberts Enterprises, Inc.* v. *Arkansas State Highway Commission*, 277 Ark. 25, 638 S.W.2d 75 (1982). Nor does Rule 54(b) obviate the requirement of finality as to some aspect of the litigation. It merely provides that a judgment which is final as

to less than all of the litigants or the claims, is subject to appeal in accordance with the conditions recited in the rule. That, of course, is not the situation here presented.

■ We addressed the appealability of bifurcated trials as to issues of liability and damages in the case of *Mueller, et al.* v. *Killam, et al.*, 295 Ark. 270, 748 S.W.2d 141 (1988):

> The decree specified that "[t]his order shall constitute a final appealable order of the Court. . . ." We hold to the contrary and dismiss this appeal because the decree was not one from which an appeal may be taken under Ark. R. App P. 2 and Ark. R. Civ. P. 54(b).

Other courts, state and federal, have also held that Rule 54(b) does not provide a mechanism for appeal from bifurcated trials of liability/damages issues. *Kaszuk* v. *Bakery & Confectionery Union & Industry International Pension Fund*, 791 F.2d 548 (7th Cir. 1986); *Williams* v. *St. Louis Diecasting Corp.*, 611 F.2d 1223 (8th Cir. 1979); *Ball Corp.* v. *Loran*, 42 Colo. App. 501, 596 P.2d 412 (1979); *Harms, Inc.* v. *Tops Music Enterprises, Inc.*, 160 F. Supp. 77 (C. Cal. 1958).

Here, some parties and some claims were dismissed by the order entered pursuant to the jury's verdict, but those dismissals are not germane to the issues presented to us for review and not properly cognizable under Rule 54(b).

While it may seem that judicial economy would be served by an interlocutory appeal from a bifurcated trial of the liability/ damages issues, in reality the reverse is true because such procedure invites two appeals, whereas the requirement of finality assures only one. *Fratesi* v. *Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984). *Harms, Inc.* v. *Tops Music Enterprises, Inc., supra.*

■ The parties have not raised the issue of the appealability of this judgment, nevertheless it is our duty to determine that this court has jurisdiction. *Roy* v. *International Multifoods Corp.*, 268 Ark. 958, 598 S.W.2d 129 (1980). *Mueller, et al.* v. *Killam, supra.*

Appeal dismissed.

GLAZE, J., not participating.