Mary Anne STEPHENS *v.* Jackson T. STEPHENS

91-94                                                810 S.W.2d 946

Supreme Court of Arkansas
Opinion delivered June 10, 1991

*Philip E. Dixon, W. Michael Reif, Norman Sheresky*, and *Lisa Roday*, for appellant.

*C.J. Giroir, Jr., Sam Hilburn, Kenneth R. Shermin, Jerry C. Jones*, and *Judson C. Kidd*, for appellee.

PER CURIAM. Appellant Mary Anne Stephens (defendant below) brings this interlocutory appeal from the following orders:

Order of March 12, 1991
Order of March 14, 1991
Restraining Order of April 1, 1991
Order for Attorney's Fees of April 11, 1991

Appellant Jackson T. Stephens has moved to dismiss the appeal on the grounds that appellant's Notice of Appeal, filed on April 12, 1991, is untimely as to the March 12 order. Moreover, he contends the orders appealed from are interlocutory and not appealable under Arkansas Rules of Appellate Procedure, Rule 2.

The order of March 12 contains findings of fact and conclusions of law in response to a request by the plaintiff for a protective order as to discovery matters and for closed hearings and trial. Citing Rule 26(c) of the Arkansas Rules of Civil Procedure, which gives the trial court broad authority to enter protective orders, and Ark. Code Ann. § 16-13-318 (1987), empowering chancery courts in domestic cases either upon application of all litigants or upon their own initiative, to hear such matters in chambers, the trial court found and concluded that such orders should be entered. The order of March 14, styled "Protective Order" constitutes the protective order adverted to in the March 12 order.

The order of April 1 is responsive to motions of both parties for restraining orders and generally enjoins either party from disposing of or removing from this jurisdiction any property belonging to the parties except by agreement, ordinary course of business or further orders of the court. "Ordinary course of business" is defined as including transactional moves in both parties' stock and bond trading accounts at Stephens, Inc., including buying and selling of stocks or bonds and payments of calls and dividends to prevent a loss or realize a gain and for the general preservation of the assets reflected by these accounts. The order directs Stephens, Inc. to hold all assets of either party in trust pending a final determination as to ownership.

The order of April 11 is in response to defendant's petition for attorney's fees and recites that some $80,000 has been expended to date on attorney's fees. The order recognizes the plaintiff's ability to pay suit money and the propriety of both

parties having legal and accounting services. The order finds that $400 per hour for defendant's New York counsel is not reasonable by Arkansas standards, that the defendant will be responsible for such portion of attorney's fees from her separate assets but that such out-of-state fees would be considered by the court in the final disposition of assets. The order directs each party to submit monthly requests for fees and costs as they accrue and refers to the final disposition of the case as a determinant of fees.

Appellee's motion to dismiss, as we have noted, is grounded on the premise that these orders merely establish the procedures by which the chancellor will administer this divorce case during discovery and trial and do not finally resolve any separable part of this action. Appellee cites *John Cheeseman Trucking, Inc.* v. *Dougan*, 305 Ark. 49, 805 S.W.2d 69 (1991); *Ricks Pro Dive 'N Ski Shop* v. *Jennings-Lemon*, 304 Ark. 671, 803 S.W.2d 934 (1991); *Arkansas Department of Human Services* v. *Lopez*; 302 Ark. 154, 787 S.W.2d 686 (1990); *Tate* v. *Sharp*, 300 Ark. 126, 777 S.W.2d 215 (1989); *Budd* v. *Davis*, 289 Ark. 373, 711 S.W.2d 478 (1986).

Appellant responds that these orders are "injunctive in nature" and therefore appealable under Rule 2. We disagree with that contention. We note that the orders restrain both parties from disposing of marital assets and do not purport to affect one party more or less than the other. They appear to be the type of preliminary order entered routinely in divorce suits and are expressly subject to further orders of the court as the case evolves. Appellant has not shown how the orders operate with finality in any sense and we can conceive of none.

There is a clear and distinct thread that binds our cases relative to appealability and that is that the order must end the litigation or some separable branch of it. *See* generally, *Malone & Hyde, Inc.* v. *West & Co. of L.A., Inc.*, 300 Ark. 435, 780 S.W.2d 13 (1989); *Cash* v. *Cash*, 273 Ark. 32, 616 S.W.2d 13 (1981); *Hyatt* v. *City of Bentonville*, 275 Ark. 210, 628 S.W.2d 326 (1982); *Bonner* v. *Sikes*, 20 Ark. App. 209, 727 S.W.2d 144 (1987); *Scoff* v. *Scoff*, 5 Ark. App. 300, 635 S.W.2d 292 (1982).

Appellant contends that Ark. Code Ann. § 16-13-318 (1987), permitting private hearings in divorce actions is unconstitutional, citing *Arkansas Television Co.* v. *Tedder*, 281 Ark. 152,

662 S.W.2d 174 (1983). But the issue in *Tedder* was the extent to which the media can be denied access to a criminal trial and has only scant relevance to this case. Suffice it to say that we are unwilling to address the constitutionality of a legislative enactment in the context of a summary review of the appealability of interlocutory orders, particularly when the Attorney General has been afforded no opportunity to defend those enactments. Arkansas Code Ann § 16-111-106(b) (1987). If there is an appeal after this case is finally concluded at the trial level, and the defendant can demonstrate prejudicial error attributable to the orders of March 12 or March 14, we see no reason it cannot be corrected in conventional fashion, by reversal and remand.

For the reasons stated, the appeal is dismissed.

NEWBERN, J., dissents and would permit the appeal on the basis of Ark. R. App. P. 2(a)(6); GLAZE, J., concurs; CORBIN, J., not participating.

TOM GLAZE, Justice, concurring. Among other things, the appellant seeks to appeal the lower court's order closing all proceedings of the parties' divorce pursuant to Ark. Code Ann. § 16-13-318 (1987). She claims the closure is violative of her First Amendment rights to an open trial which, she argues, the state guarantees under Ark. Code Ann. § 16-10-105 (1987). Appellee responds the lower court's order is interlocutory, not final, and therefore not applicable. While I agree with the majority that the appellant has no right to appeal under ARAP Rule 2, I write to express my concerns.

The chancellor's rejection of the appellant's First Amendment argument effectively eliminates any right she might have to an open trial. True, if she chooses later to appeal from the chancellor's decree on the merits, appellant can then raise her First Amendment issue. But, even if this court agrees with her argument, this court generally decides chancery cases on de novo review, thereby avoiding further trial proceedings below. Thus, while appellant might prevail in her constitutional argument on appeal, the decision granting her an open trial, most likely, would prove moot as to her.[1]

---

[1] Of course, if appellant prevailed on appeal, the earlier closed trial proceeding,

Appellant suggests that, because the chancellor's closure ruling effectively precludes her from obtaining an enforceable decision granting her an open trial, she should be able to appeal under Rule 2(a)(2) of the Arkansas Rules of Appellate Procedure. However, that rule provides that an appeal may be taken from an order which in effect determines the action *and* prevents a judgment from which an appeal might be taken, or discontinues the action. Of course, the chancellor's closure order here in no way determines the parties' action even though it might be argued the appellant is effectively prevented from appealing the order. Such difficulty for appellant aside, her request to appeal under the circumstances described simply fails to come within the terms set out in Rule 2(a)(2). Nor can she appeal under the terms of Rule 2(a)(1) because the chancellor's order fails to put the court's directive into execution, ending the litigation or a separable branch of it. *Festinger* v. *Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978).

For the above reasons, I agree with the court's decision to dismiss the appeal. The parties, of course, are free to better develop below the First Amendment — Right of Privacy constitutional arguments posed in this attempted appeal so this court can consider the constitutionality of § 16-13-318 in any future appeal from the lower court's decree in this case.

which is required to be reported in its entirety, would become open in the sense that a transcript would then be available. *See In the Matter of Administrative Order Number 4*, per curiam (May 6, 1991).