FORD MOTOR CREDIT COMPANY *v.*
The Honorable Judith ROGERS, Chancellor,
Pulaski Chancery Court, Third Div.

84-290                                    685 S.W.2d 145

Supreme Court of Arkansas
Opinion delivered February 25, 1985
[Rehearing denied April 1, 1985.]

*Griffin Smith* and *W.R. Nixon, Jr., P.A.*, for petitioner.

*Steve Clark,* Att'y Gen., by: *Kay J. Jackson Demailly,* Asst. Att'y Gen.; and *Boswell, Smith & Clardy,* by: *David E. Smith, Joseph L. Tresp,* and *Meredith Wineland,* for respondent.

ROBERT H. DUDLEY, Justice. Amendment 60, which amended Article 19, § 13 of the Constitution of Arkansas, became effective on December 2, 1982. On July 11, 1983, this court interpreted Amendment 60 as having a two-fold limitation on the maximum amount of interest a lender can charge on a consumer loan or credit sale — the lesser of 17% or 5% over the Federal Reserve Discount Rate. *Bishop* v. *Linkway Stores,* 280 Ark. 106, 655 S.W.2d 426 (1983). A petition for rehearing was denied on September 12, 1983. Petitioner, Ford Motor Credit Co., interpreted Amendment 60 as permitting a maximum of 17% interest on consumer contracts and purchased thousands of installment contracts bearing the 17% rate between December 2, 1982 and July 11, 1983. A March 4, 1983 contract between Plaintiff, Ross Nesheim, and Union Lincoln Mercury in Little Rock provided for the purchase of a used 1979 Mercury Marquis automobile to be financed at 17% annual percentage rate. According to the decision, the maximum lawful annual percentage rate was 13.5%, which was the 8.5% Federal Reserve Discount Rate plus 5%. On September 14, 1983, two days after the petition for rehearing was denied, petitioner notified Nesheim and 6,000 other customers of our ruling of Ford Motor Credit's intention to correct the contract to comply with the ruling. On October 25, 1983, Ford Motor Credit sent a follow-up letter advising that the change lowered the annual percentage rate, balance due, and the monthly payment amount.

On October 25, 1983, Nesheim filed his complaint for a class action under ARCP 23 against petitioner to recover Amendment 60's penalties on his contract and on the contracts of all other consumers similarly situated. Petitioner, Ford Motor Credit, asserted that ARCP 23 could not be constitutionally applied to allow this case to be maintained as a class action. On October 16, 1984, the chancellor

ruled that common questions of law or fact predominated, that a class action was superior to other forms of relief, and granted the request for class certification under ARCP 23.

Ford Motor Credit Co., pursuant to Rule 29(1)(f), seeks a writ of prohibition directed to the trial court. It contends, that, in cases which involve a class based on separate claims with common questions of law or fact, the chancery court does not have authority to certify this case as a class action because ARCP 23 cannot be constitutionally applied since it fails to provide for mandatory notice to class members which, it argues, offends due process. We hold that petitioner has no standing to question the constituionality of ARCP 23 and, accordingly, we decline to issue the writ.

Those persons who have allegedly been denied due process are those absent class members who will receive directory rather than mandatory notice of the action. Their right to due process is a personal right, and it may not be asserted by their adversary, Ford Motor Credit Co. In *Cox* v. *Stayton*, 273 Ark. 298, 619 S.W.2d 617 (1981), we wrote:

> Constitutional rights, including the guarantee of due process, are personal rights and may not be asserted by a third party. *Broadrick* v. *Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), and *Barrows* v. *Jackson,* 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed.2d 1586 (1953). A very narrow exception exists where the issue presented to the court would not otherwise be susceptible of judicial review and it appears that the third party is sufficiently interested in the outcome that the rights of the other party would be vigorously asserted and, thus, adequately represented. *Eisenstadt* v. *Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972), and *Griswold* v. *Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

This petition does not fit within the narrow exception set out above because the issue of due process can be raised later by the absent class members. In the event the class loses at the trial on the merits, an absent class member can contend that the judgment on the merits is not entitled to res

adjudication effect because of the directory, rather than the mandatory, notice provision of ARCP Rule 23.

Writ denied.

NEWBERN, J., not participating.