## FORD MOTOR CREDIT COMPANY
*v.* Ross H. NESHEIM, et al

85-34                                              686 S.W.2d 777

Supreme Court of Arkansas
Opinion delivered March 18, 1985

*Meredith Wineland;* and *Boswell, Smith & Clardy,* by: *David E. Smith,* for appellant.

*Griffin Smith,* and *W. R. Nixon, P.A.,* for appellee.

DARRELL HICKMAN, Justice. This motion to dismiss the appeal arises out of the same case as *Ford Motor Credit Co.* v. *Rogers,* 84-290, decided February 25, 1985, where we denied a petition for a writ of prohibition. Contemporaneously with its petition for a writ of prohibition, Ford Motor Credit sought an appeal of the order of the trial court certifying the case as a class action under A.R.C.P. Rule 23. We denied

prohibition because the court had *jurisdiction* to decide if the case ought to be maintained as a class action. The question presented in this appeal is whether the action certifying the case was correct. This motion raises the issue of whether the order is one that is final and, therefore, appealable. Ark. R. App. P.2.

Ford Motor Credit concedes it has no right to appeal from the trial court's order of certification because the decision was not a final or appealable order as defined in Ark. R. App. P. 2 but asks us to change our rule. The respondents rely on that rule in seeking dismissal.

We have never had a case in which a party sought to appeal from an order certifying a class action. We have only had appeals from orders denying requests for certification. Clearly, such an order of denial is a final disposition of the case as to those who would be joined as class members and is appealable under Rule 2. *Drew* v. *First Federal S & L Assn.*, 271 Ark. 667, 610 S.W.2d 876 (1981); *Ross* v. *Ark. Communities, Inc.*, 258 Ark. 925, 529 S.W.2d 876 (1975).

We did not adopt the federal rule of civil procedure pertaining to class actions. See Fed. R. Civ. P. 23. However, we believe it would be best to allow appeals from such orders and our reasoning is the same given by the United States Court of Appeals for the Second Circuit in *Eisen* v. *Carlisle & Jacquelin*, 479 F.2d 1005 (2nd Cir. 1973):

> An order sustaining a class action allegation involves issues 'fundamental to the further conduct of the case'; . . . the order is also separable from the merits of the case; and irreparable harm to a defendant in terms of time and money spent in defending a huge class action when an appellate court many years later decides such an action does not conform to the requirements of Rule 23, is evident.

Therefore, we amend Ark. R. App. P. 2 to permit an appeal from an order certifying a case as a class action. Issued contemporaneously is a *per curiam* order to that effect.

Denied.

PURTLE, J., dissents.

NEWBERN, J., not participating.

JOHN I. PURTLE, Justice, dissenting. I cannot understand why the majority has, without notice to the bench and bar or opportunity for adequate consideration, suddenly decided to change horses in the middle of the stream. Ordinarily we do not change our rules to accommodate the litigants in a case pending before us. In fact we have in every instance since I have been on the court discussed the proposed change for several weeks or referred it to the appropriate committee for consideration and comment.

The order certifying the class action in this case is conditional and is not final in other respects, in my opinion. We have many times stated that in order for a judgment to be final and appealable it must dismiss a party from court, discharge him from the action, or conclude his rights to the subject matter in controversy. *Hall* v. *City of Bentonville,* 275 Ark. 210, 628 S.W.2d 326 (1982). The order in the present case does none of the above.

With our rules and case law holding this order not to be an appealable order, I think the trial court and the litigants are entitled to proceed through this trial without the unprecedented action taken by this court today. I believe the action taken by the court at least has the appearance of unfairness. Henceforth trial judges and lawyers will be even more uncertain as to what this court will do in situations previously considered settled.

I would dismiss the appeal.