ARKANSAS DEPARTMENT OF HUMAN SERVICES
*v.* Jose Lorenzo LOPEZ

90-19                                                              787 S.W.2d 686

Supreme Court of Arkansas
Opinion delivered April 23, 1990

*S. Whittington Brown*, Deputy Counsel, Office of Chief Counsel, Department of Human Services, for appellant.

*Keith Watkins*, for appellee.

TOM GLAZE, Justice. This is an appeal from the probate

court's May 23, 1989 order setting aside the Arkansas Department of Human Services's guardianship of Cordell Luis Lopez with the power to consent to adoption. In so holding, the probate court found that the Department of Human Services (DHS) failed to give notice of the guardianship hearing to Jose Lopez, the putative father. In this same order, the probate court stated that a hearing would be held on June 28, 1989, to decide paternity in regard to Jose Lopez and Carol Lopez. On June 28, the record reflects a hearing on motions made by DHS, including a motion for paternity blood testing to be ordered. The probate court granted the motion stating that "the blood tests may conclude this, resolve this, or do something with it." The court ordered that it would take up the matter in a proceeding when the blood test results were received. The record is void of any indication of the results of the blood tests or the outcome of a paternity hearing.

Because of the above facts, we must conclude that the probate court's order is not a decree from which an appeal may be taken under Ark. R. App. P. 2.[1] In pertinent part, Rule 2 provides the following:

> (a) An appeal may be taken from a circuit, chancery, or probate court to the Arkansas Supreme Court from:
>
> 1. A final judgment or decree entered by the trial court.
>
> 2. An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action;

We have repeatedly held that we will not decide the merits of an appeal when the order appealed from is not a final order. *See, e.g., Tapp* v. *Fowler*, 288 Ark. 70, 702 S.W.2d 17 (1986). In order for a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *See, e.g., Sevenprop Assocs.* v. *Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1988). In addition, whether a final judgment, decree, or order

---

[1] In so stating, we note Ark. Code Ann. § 28-1-116(a) (1987), which allows an appeal from an order of the probate court except those orders set out under provision (b). However, provision (g) clearly states these appeals are determined by the law and rules of appellate review applicable to equity cases.

exists is a jurisdictional issue which we have the duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *See Mueller* v. *Killam*, 295 Ark. 270, 748 S.W.2d 141 (1988).

Clearly, here the probate court's May 23, 1989 judgment ordering a paternity hearing on June 28, 1989 is not final. As the probate judge admitted, this hearing could resolve the whole case. Because this matter is still pending before the probate court, we must dismiss the appeal.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. For Cordell Luis Lopez, aged four, life has offered little more than reverses. He has been renounced by his mother, had only minimal contact with the man who claims to be his father, is separated from his older brother, and lived in two foster homes. Yet now, under the order appealed from, he faces removal from an adoptive home, presumably the first potentially stable family environment he has known, so that a putative father who eschewed earlier opportunities, and who has contributed nothing whatever to his support, can belatedly assert parental rights, for no greater reason than because ARAP Rule 2 does not now provide for interlocutory appeal of disputes involving children. But we have twice amended the rule on an ad hoc basis to affect pending litigation on less compelling grounds than the welfare of a child. I refer to *Ford Motor Credit Corp.* v. *Nesheim*, 285 Ark. 253, 686 S.W.2d 777 (1985), where we changed the rule to permit interlocutory appeal from a class action certification, and *Herron* v. *Jones*, 276 Ark. 493, 637 S.W.2d 569 (1982), where we held that an order disqualifying an attorney from further participation in a case is appealable. I suggest the placement of children ranks at least on a par with commercial and professional disputes as warranting interlocutory review.

Since it will be many months before a final order is entered and an appeal concluded, it seems evident that this child has become a victim of society and of the legal system as well. I would allow the appeal and address the merits.