Herbert F. BRENK *v.* STATE of Arkansas

93-776                                              871 S.W.2d 372

Supreme Court of Arkansas
Opinion delivered March 7, 1994

*Larry Dean Kissee* and *Tom Garner*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Herbert F. Brenk, pursues an interlocutory appeal from the Baxter Circuit Court's June 8, 1993 order removing one of his two court appointed attorneys, Mr. Larry Dean Kissee, from representing appellant in his second trial for murder. Appellant argues this action has deprived him of his right to counsel. Appellant bases jurisdiction on Ark. R. App. P. 2(a)(8) which allows an appeal to this court from an order "which disqualifies an attorney from further participation in the case." The attorney in the instant case was not disqualified from further participation, and in fact was specifically granted permission to continue to participate in appellant's retrial at his own expense.

"Disqualify" is defined as "to divest or deprive of qualifications; to incapacitate" or "to render ineligible or unfit" in *Black's Law Dictionary* 424 (5th ed. 1979). The attorney in appellant's case was certainly not "disqualified," especially in light of the fact that the order clearly noted that the trial court did not prohibit the attorney from participating. There must be

a more substantive basis on ethical grounds to meet the definition of "disqualify" under our appellate rules. *See e.g. First American Carriers, Inc.* v. *The Kroger Co.*, 302 Ark. 86, 787 S.W.2d 669 (1990). The trial court's order in this case does not meet this definition.

Since this is not an appeal of a final order as required under our rules and does not fall within any other exception provided, this appeal is hereby dismissed.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. I dissent. The trial court's order removed Mr. Larry Kissee as Mr. Brenk's court-appointed attorney, finding it is not necessary for the state or county to pay for two court-appointed attorneys. The effect of the trial court's order left Brenk represented by the Baxter County Public Defender and Mr. Tom Garner, one of Brenk's two lawyers from his previous capital murder trial. The trial court also added in its order that Mr. Kissee, at his option, would be allowed to participate in the Brenk case, but he would do so, without payment by the state or county for his legal services. For all practical purposes, Kissee was disqualified from further participation, and Brenk should be permitted to bring this interlocutory appeal which is expressly provided for under Ark. R. App. P. 2(a)(8).

Even though I believe this court should accept jurisdiction and decide Brenk's appeal, I believe the trial court's removal of Kissee was proper and should be affirmed. Brenk was represented by Mr. Kissee and Mr. Garner at Brenk's first trial and his appeal from a guilty verdict. We reversed and remanded the first trial, Brenk v. State, 311 Ark. 579, 847 S.W.2d 1 (1993), and on remand, Brenk brings this interlocutory appeal seeking to retain Kissee as appointed counsel for his second trial. Brenk is indisputably indigent and entitled to have counsel appointed, but he has no right to have any particular lawyer appointed to represent him at the taxpayers' expense. *Malone* v. *State*, 291 Ark. 315, 724 S.W.2d 180 (1987); *Mann* v. *Britt*, 266 Ark. 100, 583 S.W.2d 21 (1979).

Brenk cites *Clements* v. *State*, 306 Ark. 596, 817 S.W.2d 194 (1991), in support of his position that the trial court here had no right to remove Kissee as counsel. This court pointed out in *Clements* that each case must be examined on its own facts

when determining whether a lawyer's removal is justified. Without rehashing the facts already set out in *Clements*, it is enough said that this court concluded the action taken there by the trial court was arbitrary and unacceptable. Here, the trial court acted promptly and within the discretion given it by case law to provide Brenk with appointed counsel. Accordingly, this court should affirm.