Mary Ellen CLARK *v.* Harvey Alden CLARK

94-613                                     890 S.W.2d 267

Supreme Court of Arkansas
Opinion delivered January 9, 1995

*Wilson, Engstrom, Corum, Dudley & Coulter,* by: *Timothy O. Dudley,* for appellant.

*Robert D. Ridgeway,* for appellee.

DONALD L. CORBIN, Justice. Appellant, Mary Ellen Clark, appeals the order of the Garland County Chancery Court denying her motion to disqualify Robert D. Ridgeway, Jr. as legal counsel for appellee, Harvey Alden Clark, in this post-divorce proceeding. This case was originally filed as a divorce action by appellant in 1989. Appellant and appellee were divorced in 1990 and, as a part of the marital dissolution, entered into a property settlement agreement which included the grant of a lien to appellant to secure appellee's performance of certain obligations under the agreement. In 1992, appellee filed a motion to terminate that lien alleging all his debts under the agreement were paid. In 1993, appellant filed her motion to disqualify Ridgeway as appellee's legal counsel. On December 6, 1993, a hearing on the motion ensued. The court's written order denying the disqualification motion was entered on February 16, 1994, and this appeal was taken therefrom. Because we can ascertain no basis for jurisdiction of the appeal of this interlocutory order, we dismiss it without considering its merits.

In his brief, appellee raises the argument that the order here appealed is not a final appealable order as contemplated by ARCP Rule 54 and Ark. R. App. P. 2, citing no authority for this point other than the rules themselves. In the absence of a permitted exception under statute or court rule[1], an appealable order must be final, meaning it must "dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy." *Arkansas Dept. of Human Servs.* v. *Lopez,* 302 Ark. 154, 155, 787 S.W.2d 686, 687 (1990).

Turning first to appellee's argument with respect to Rule 2, we find the issue is one of first impression in this state. Among other states' courts which have considered the issue, we find a split of authority exists among the reported cases. D.B. Harri-

---

[1]For example, this court is vested with jurisdiction over interlocutory appeals which are permitted by statute or our court rules. Ark. Sup. Ct. R. 1-2(a)(12).

son, Annotation, *Appealability of State Court's Order Granting or Denying Motion to Disqualify Attorney*, 5 A.L.R.4th 1251, §§ 3-4 (1981). In the federal arena, this issue has been addressed and decided by the United States Supreme Court in its decision reported as *Firestone Tire & Rubber Co.* v. *Risjord*, 449 U.S. 368 (1981), where the Court held a federal district court's order denying a motion to disqualify the opposing party's counsel in a civil case is *not* an appealable final decision under 28 U.S.C. § 1291. Section 1291 provides in relevant part: "The courts of appeals are vested with 'jurisdiction of appeals from all final decisions of the district courts . . . except where a direct review may be had in the Supreme Court.' " *Id.* at 373. A "final decision" within the meaning of section 1291 has been construed by the Court to mean "a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 373 (citing *Coopers & Lybrand* v. *Livesay*, 437 U.S. 463, 467 (1978), quoting *Catlin* v. *United States*, 324 U.S. 229, 233 (1945)). The *Firestone Tire & Rubber* Court emphasized that the purpose underlying section 1291 is to emphasize the deference owed by appellate courts to trial judges, to avoid piecemeal appeals that would undermine the independence and special role of the trial judge, and to promote efficient judicial administration. In its disposition of the issue and the case, the Court stated:

> An order refusing to disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within the much smaller class of those that are not. The propriety of the district court's denial of a disqualification motion will often be difficult to assess until its impact on the underlying litigation may be evaluated, which is normally only after final judgment. The decision whether to disqualify an attorney ordinarily turns on the peculiar factual situation of the case then at hand, and the order embodying such a decision will rarely, if ever, represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits. In the case before us, petitioner has made no showing that its opportunity for meaningful review will perish unless immediate appeal is permitted. On the contrary, should the Court of

Appeals conclude after the trial has ended that permitting continuing representation was prejudicial error, it would retain its usual authority to vacate the judgment appealed from and order a new trial. That remedy seems plainly adequate should petitioner's concerns of possible injury ultimately prove well founded.

*Id.* at 377-78.

In our decision reported as *Herron* v. *Jones*, 276 Ark. 493, 637 S.W.2d 569 (1982), an appeal was taken from an interlocutory order *granting* a disqualification motion. The appellee in that case moved to dismiss the appeal because the order was not a final order under Rule 2. The appellant there argued that an exception to the finality rule should be made and the order appealed should be treated as a collateral order after the manner of federal procedural law, and, on that basis, held appealable. *See Firestone Tire & Rubber*, 449 U.S. at 375 (quoting *Coopers & Lybrand*, 437 U.S. at 468) (enunciating three requirements for appealability of a collateral order). In deciding that case, we stated that this court is not willing to embrace the federal collateral order exception to the finality requirement for appealability for the reason that the exception "has been a prolific source of uncertainty[.]" *Herron*, 276 Ark. at 496, 637 S.W.2d at 571. But, after examining the conclusions of federal courts on the issue, we cited section 1291 and observed: "We are fortunate, however, in not being bound, as the federal courts are, by a statute restricting appellate review to final orders," and elected the simpler course of amending Rule 2 to render appealable the order granting the disqualification motion. *Id.* at 496, 637 S.W.2d at 570; *In Re Amendment of Rule 2 of the Rules of Appellate Procedure*, 276 Ark. 605 (1982) (per curiam).

Unlike *Herron*, appellant in the instant case does not ask this court to amend Rule 2 to render the order appealed appealable. Appellant, indeed, proffers no argument or other reply to appellee's assertion, quite correctly made, that the order appealed is not appealable. *See Firestone Tire & Rubber*, 449 U.S. 368; *see also Brenk* v. *State*, 316 Ark. 249, 871 S.W.2d 372 (1994) (dismissing interlocutory appeal taken from order removing one of two court appointed attorneys for lack of appealable order). We hold that an order denying a motion to disqualify

adversary's counsel in a civil proceeding is not an appealable final order. Since this is not an appeal of a final order as required by our rules and does not fall within any other exception provided, this appeal is dismissed.