Cite as 2026 Ark. 50
# SUPREME COURT OF ARKANSAS
No. CV–25–569

| | |
|---|---|
| | **Opinion Delivered:** March 12, 2026 |
| RED ROOF INNS, INC.; RED ROOF FRANCHISING, LLC; SANDRA WUNDERLICH; AND STEPHANIE RZEPKA<br><br>APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV–24–1541] |
| V. | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| JANE DOE, AS PARENT AND NEXT FRIEND OF JANE DOE, A MINOR; SAI LODGING, INC., D/B/A RED ROOF INN; BATESVILLE LODGING GROUP, INC.; RAJENDRA PATEL; AND ROSHNI PATEL; JOHN DOES 1–4; AND JOHN DOE ENTITIES 1–2<br><br>APPELLEES | <u>REVERSED AND REMANDED</u>. |

**KAREN R. BAKER, Chief Justice**

Appellants Red Roof Inns, Inc., and Red Roof Franchising, LLC ("RRI"), filed this interlocutory appeal from the Pulaski County Circuit Court's orders denying out–of–state attorneys' pro hac vice petitions and subsequent motions for reconsideration. On appeal, RRI argues that the circuit court erred and abused its discretion in denying attorneys Stephanie A. Rzepka and Sandra J. Wunderlich pro hac vice admission. Appellees did not file a responsive brief. We reverse and remand for further proceedings consistent with this opinion.

On February 21, 2024, appellee Jane Doe filed the underlying complaint in the Pulaski County Circuit Court alleging sex trafficking of a minor at a Red Roof Inn located

in North Little Rock, Arkansas. On May 30, 2025, Jane Doe filed her second amended complaint adding Red Roof Inns, Inc., and Red Roof Franchising, LLC, as defendants. On July 11, RRI filed its answer and cross-claim, which was signed solely by Arkansas counsel Jane A. Kim of Wright, Lindsey & Jennings LLP. In addition, the pleading listed three out-of-state attorneys with the firm Tucker Ellis LLP, including Rzepka and Wunderlich.[1] The out-of-state attorneys did not sign the pleading and there is a notation after each name clearly stating "(*motion for pro hac vice admission forthcoming*)."

On July 29, RRI filed pro hac vice petitions for Rzepka and Wunderlich. Attached to the petitions were the affidavits of the attorneys seeking admission, proofs of payment of the nonresident attorney fee, and affidavits of Arkansas counsel, Jane Kim. On August 6, the circuit court denied both petitions, reasoning that the nonresident attorneys "appeared on pleadings prior to filing the above petition to appear pro hac."

On August 15, RRI filed a motion for reconsideration along with briefing and an affidavit. RRI explained that, in 2023, RRI retained the law firm of Tucker Ellis LLP, and specifically, Wunderlich, to serve as national coordinating counsel in defense of sex-trafficking litigation filed in multiple jurisdictions.[2] RRI stated that Wunderlich "developed a deep knowledge of [RRI], their corporate structure and history, their employees, potential witnesses, as well as sources of documents and information." RRI explained that it utilized the national counsel role to maintain consistency and efficiency across the litigation based

---

[1]Chelsea Mikula was one of the three out-of-state attorneys listed, but a petition for pro hac vice for Mikula has not been filed.

[2]RRI noted that while not lead counsel, Rzepka is also an important part of the team representing RRI.

on counsel's preexisting knowledge base. Tucker Ellis LLP, recognizing the need for local counsel to advise on the rules and procedures particular to Arkansas law, contacted Jane Kim to serve as local counsel. RRI explained that Kim is the only attorney of record for RRI and has been the signatory on all pleadings. Kim included Rzepka's and Wunderlich's names and contact information as a courtesy, and it was not intended to be an appearance or constitute a signature of the pleading. RRI requested that the circuit court reconsider its orders denying the pro hac vice petitions because none of the enumerated bases for denial of pro hac vice admission under Rule XIV of the Rules Governing Admission to the Bar are present in this case, and the circumstances do not warrant the drastic measure of prohibiting RRI from using counsel of its choice. On August 19, the circuit court denied the motion for reconsideration, and RRI timely appealed. On September 26, RRI filed an unopposed motion to stay the circuit court proceedings and to expedite the appeal. On November 6, we granted the motion to stay pending appeal but denied the motion to expedite the appeal.

I. *Point on Appeal*

On appeal, RRI argues that the circuit court abused its discretion in denying attorneys Rzepka and Wunderlich pro hac vice admission based on the inclusion of the attorneys' names under Arkansas counsel's signature block. As an initial matter, we must first determine whether we have jurisdiction over the present interlocutory appeal. RRI argues that the denial of pro hac vice admission is the equivalent of an order disqualifying counsel, which is immediately appealable. *See* Ark. R. App. P.–Civ. 2(a)(8) (stating that an appeal may be taken from the circuit court to the supreme court from an order that disqualifies an attorney from further participation in the case). In *Herron v. Jones*, we held that

disqualification orders are immediately appealable because "if the order of disqualification is not appealable the litigant will be compelled to employ other counsel and to submit to a useless trial before he learns by appeal that the disqualification order was wrong and he is entitled to start all over again." 276 Ark. 493, 495–96, 637 S.W.2d 569, 570 (1982). RRI argues that the same is true of an order denying pro hac vice admission. We agree. As we explained in *Travelers Indemnity Co. v. Board of Trustees of the University of Arkansas*, "[d]isqualification" is defined as "[s]omething . . . that prevents a lawyer from representing a party." *Black's Law Dictionary* (11th ed. 2019); *see also Merriam-Webster's Collegiate Dictionary* (11th ed. 2014) ("disqualify" means to "deprive of a power, right, or privilege"). 2022 Ark. 146, at 4, 646 S.W.3d 361, 364. Similarly, here, the circuit court's orders denying attorneys Rzepka's and Wunderlich's pro hac vice petitions clearly prevented them from representing RRI and therefore deprived RRI of representation of its choice. Accordingly, we hold that the orders at issue here are immediately appealable pursuant to Rule 2(a)(8).

A circuit court's ruling on an attorney's motion for admission to practice pro hac vice is reviewed under an abuse-of-discretion standard. *Tobacco Superstore, Inc. v. Darrough*, 362 Ark. 103, 109, 207 S.W.3d 511, 514 (2005). An abuse of discretion occurs when the circuit court exercises its discretion thoughtlessly and without due consideration. *Travelers Indem. Co.*, 2022 Ark. 146, at 5, 646 S.W.3d at 364. We have also held that an abuse of discretion may be manifested by an erroneous interpretation of the law. *Id*. This court has stated that disqualification of an attorney is a drastic measure that should be imposed only when clearly required by the circumstances. *Id*.

RRI argues that the circuit court's ruling misapplied that standard for pro hac vice admission, disregarded the narrow grounds for denial, and conflated benign counsel

identification with impermissible participation. RRI cites Rule XIV of the Rules Governing Admission to the Bar, which governs the admission of attorneys to practice pro hac vice. RRI argues that Rule XIV limits judicial discretion to deny pro hac vice admission to specific grounds—repeated appearances within a year, lack of local counsel, noncompliance with application requirements, or professional misconduct. *See* Ark. Bar. Adm. R. XIV(e), (f). However, RRI argues that nothing in this rule prohibits a nonresident attorney from including his or her name below Arkansas counsel's signature block—identifying the attorney's out-of-state status and stating that a pro hac vice motion will be filed—nor does it treat that listing as an "appearance" or the unauthorized practice of law.

Next, RRI addresses the Arkansas Rules of Professional Conduct and argues that these rules likewise do not provide a basis for the circuit court's ruling. Rule 5.5 prohibits the unauthorized practice of law and practicing in a jurisdiction in violation of that jurisdiction's regulation of the legal profession. Specifically, Rule 5.5(b) provides as follows:

> A lawyer who is not admitted to practice in this jurisdiction shall not:
>
> (1) except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or
>
> (2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction.

Ark. R. Prof'l Conduct 5.5(b). RRI correctly points out that Rule 5.5(b) does not include listing a nonresident attorney on a pleading as the unauthorized practice of law, especially here, where the pleading made clear that Rzepka and Wunderlich (1) were admitted in Missouri and Texas, respectively—not Arkansas; and (2) the petitions for pro hac vice were "forthcoming."

5

Further, RRI argues that neither the Arkansas Rules of Civil Procedure nor the Arkansas Supreme Court Administrative Orders support the circuit court's decision. For example, Rule 11 requires that all filings be signed by an attorney of record, but the rule does not prohibit identifying associated counsel who are not yet admitted, provided that an Arkansas-licensed attorney signs and assumes responsibility for the filing. *See* Ark. R. Civ. P. 11(a) (stating that "every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his or her individual name"). Again, RRI argues that nothing in Rule 11 bars listing a nonresident attorney below Arkansas counsel's signature block when their out-of-state status and intent to seek pro hac vice admission are noted. Further, RRI cites Administrative Order No. 21, which governs electronic filing and signature procedures. RRI notes that while it mandates an electronic signature, it does not forbid listing a nonresident counsel along with the admitted counsel who sign.

Next, relying on *Travelers*, *supra*, RRI argues that this court has made clear that adverse pro hac vice decisions must be grounded in legitimate, rule-based reasons, and courts cannot transform minimal filing issues into grounds for the denial of a pro hac vice motion or disqualification. While we recognize that *Travelers* concerned the revocation of pro hac vice admission, it is helpful to our analysis of the present case. In *Travelers*, we held that the circuit court abused its discretion in revoking a nonresident attorney's pro hac vice admission on the basis that Travelers' motion contained external hyperlinks to websites in violation of Arkansas Supreme Court Administrative Order No. 21. We explained that "[w]hile the Arkansas Rules of Professional Conduct are applicable in disqualification proceedings, a violation of the rules does not automatically compel disqualification; rather,

6

such matters involve the exercise of judicial discretion." *Travelers*, 2022 Ark. 146, at 5, 646 S.W.3d at 364. In holding that the circuit court abused its discretion by revoking the nonresident attorney's pro hac vice admission, we explained:

> The circuit court did not find that [the nonresident attorney] had committed any violation of the Arkansas Rules of Professional Conduct. Instead, the circuit court, without giving notice to appellants or an opportunity for them to be heard, summarily concluded that the failure to comply with an electronic-filing provision warranted the disqualification of [the nonresident attorney] simply because he was listed as one of the signors of the motion. This ruling was a drastic measure that does not comport with the provisions in Rule XIV(g) regarding revocation of a nonresident attorney's admission.

2022 Ark. 146, at 7, 646 S.W.3d at 365. As in *Travelers*, the decision here to deny pro hac vice admission was not supported by our rules and was drastic in nature.

Accordingly, we hold that the above-cited authority does not prohibit listing the names of nonresident attorneys beneath Arkansas counsel's signature block—particularly, here, where Rzepka's and Wunderlich's out-of-state status and forthcoming pro hac vice motions were clearly noted. Therefore, we hold that the circuit court abused its discretion by denying pro hac vice admission on that basis.

Reversed and remanded.

*Wright, Lindsey & Jennings LLP*, by: *Michael A. Thompson* and *Jane A. Kim*, for appellant.

One brief only.